UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENIPHER OWUOR, | : |
| CHARLES OWUOR, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO: |
| SUNNYMAC, LLC, | : |
| JK RENEWABLES, LLC, | : JURY TRIAL DEMANDED |
| MATTHEW MCFADDEN, | : |
| Defendants. | : |

**COMPLAINT**

1. This is an action for damages for Defendants' violations of Pennsylvania's consumer protection laws and related torts.

2. Defendants SunnyMac, LLC, its owner Matthew McFadden, and JK Renewables LLC are in the business of selling, installing, and facilitating the financing of solar panel systems.

3. SunnyMac, LLC's sales agents solicit consumers using electronic tablets such as iPads and iPhones to enter into 25-year loans for tens of thousands of dollars.

4. SunnyMac, LLC's sales practices are fraudulent and deceptive, as sales agents regularly misrepresent the nature of the transaction, forge the electronic contracts, and deliberately conceal the forged contracts from consumers, who have been promised significant savings.

5. Here, Plaintiffs Jenipher and Charles Owuor, husband and wife, did not sign any contract at all, as SunnyMac, LLC forged (or attempted to forge) their signatures. Indeed, Jenipher's purported signature is incorrectly spelled as "Jennifer."

1

6. The forged contract documents are unenforceable. However, SunnyMac, LLC continues to deem Plaintiffs bound by the forged contract documents even though SunnyMac knows the contract documents are unenforceable.

7. Moreover, Plaintiffs have not experienced any benefit or savings, as the forged documents have only added another payment obligation and have resulted in a solar panel system that burdens their home.

8. Accordingly, Plaintiffs are constrained to bring this action for damages, declaratory relief, and other relief.

## PARTIES

9. Plaintiff Jenipher Owuor ("Jenipher") is a senior citizen who resides with her husband at 1024 Pimlico Drive, East Norriton, PA 19403 ("the property" or "the home").

10. Plaintiff Charles Owuor ("Charles") is a senior citizen who resides with his wife at the home.

11. Defendant SunnyMac LLC ("SunnyMac") is a foreign limited liability company incorporated in Delaware. SunnyMac's registered agent is located at 47A Germay Drive, Wilmington, DE 19804.

12. SunnyMac is in the business of marketing, selling, designing, constructing, installing, and servicing photovoltaic and/or solar energy systems on residential properties.

13. SunnyMac holds itself out as a company that specializes in turnkey solar power solutions for homes in Delaware, Maryland, New Jersey, and Pennsylvania.

14. Defendant Matthew McFadden ("McFadden") is an adult individual who, on information and belief, resides in Wilmington, Delaware.

15. McFadden is the CEO and owner of SunnyMac.

16. Defendant JK Renewables, LLC ("JK") is a foreign limited liability company incorporated in New Jersey.

17. JK is in the business of marketing, selling, designing, constructing, installing, and servicing photovoltaic and/or solar energy systems on residential and commercial properties.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.

19. Diversity of citizenship exists because Plaintiffs are citizens of Pennsylvania and, on information and belief, Defendants and the members of the LLC Defendants are citizens of New Jersey or Delaware.

20. Personal jurisdiction over Defendants is proper. Defendants engaged in marketing for the installation of a free solar array in the Commonwealth of Pennsylvania and this Judicial District. By their actions, Defendants have committed violations of Pennsylvania law and caused Plaintiffs harm in this Commonwealth and District.

21. Pursuant to 28 U.S.C. § 1391, venue in this District is proper because a substantial part of the events giving rise to the claims occurred in this District, where Defendants or their affiliates installed the solar array on Plaintiff's residence.

22. This Court has the authority to provide declaratory relief to Plaintiff pursuant to 28 U.S.C. § 2201 and to provide Plaintiff such further relief as may be necessary or proper pursuant to 28 U.S.C. § 2202.

## FACTUAL AVERMENTS

*<u>Plaintiff Charles Owuor agrees to the installation of a solar array under false pretenses</u>*

23. Jenipher Owuor, along with her daughter, jointly own the property where the Owuors reside.

24. Plaintiffs use electricity for all of their energy needs at the property, including for heating and cooking.

25. In or around June 2024, a salesperson named Sharday Smith, purporting to be a representative for SunnyMac, approached Charles at the home.

26. Ms. Smith told Charles that there was a "state program" for getting solar panels installed on his home for no cost to him, as the cost would be covered by the state.

27. During the interaction, Ms. Smith put Charles on the phone with SunnyMac's CEO, McFadden. On the phone, McFadden emphasized the benefits of the "PA Energy Program" and that the solar panel system was "free."

28. Charles asked McFadden who SunnyMac was, and McFadden responded that SunnyMac is a subsidiary of "Sunnova," and that Sunnova would be in charge.

29. McFadden asked Charles if he owned the home, and Charles confirmed he did not.

30. Nonetheless, relying upon the above representations of SunnyMac, McFadden, and JK, Charles agreed to proceed with a roof survey to allow the free installation to take place.

31. Neither Charles nor Jenipher signed any contracts or documents, nor was any contract mentioned.

32. At no point did Jenipher speak with SunnyMac, JK, or McFadden about the installation of a solar panel system, any associated costs, nor any contract.

33. Notwithstanding Ms. Smith's representation that she was a representative of SunnyMac, Ms. Smith left Charles a business card suggesting that she was also an employee of JK.

34. On information and belief, at all times relevant, Ms. Smith was acting as an employee for JK and as a sales agent for SunnyMac, soliciting on behalf of SunnyMac and for SunnyMac's benefit.

35. On information and belief, Defendants SunnyMac, JK, and McFadden are participants in a joint venture to consummate solar panel transactions and to install such solar panel systems on residential homes, whereby each made contributions of capital, materials, services, or knowledge, including but not limited to sales services (SunnyMac, JK, and McFadden), installation services (SunnyMac, JK, and McFadden), and financial services (Sunnova), all participants share in the profits from the sale, installation, and financing of the solar panel systems, and all decisions regarding the core activities, finances, and strategic direction of the venture are made jointly or by mutual agreement, with no single party having unilateral control over the essential aspects of the venture.

### *After Installation, the Owuors Discover Forged Contracts*

36. In or around October 2024, a solar panel system was installed on the home.

37. In or around February 2025, Jenipher spoke with a friend who told her that the solar panel system would not be free.

38. In March 2025, after further inquiry, Jenipher and Charles discovered an unsigned "Home Improvement Agreement Amendment" ("HIAA") dated October 8, 2024, specifying a contract price of $55,480.

39. Notably, the primary buyer listed on the unsigned HIAA is "Jennifer Owuor"—a misspelling of Jenipher's name.

40. Later, the Owuors discovered the existence of a Residential Home Improvement Agreement ("RHIA") dated June 12, 2024 that likewise shows a primary buyer of "Jennifer Owuor."

41. The Owuors also discovered a forged "Credit Check Authorization Form" for Jenipher, dated June 12, 2024, also using the misspelled name "Jennifer."

42. Jenipher has never signed her name as "Jennifer."

43. Jenipher's purported signatures and initials on the RHIA and the Credit Check Authorization Form are forgeries.

44. Jenipher was not at home at the time of the alleged signing of these documents because at the time, she was working as a personal banker at a physical Wells Fargo Bank branch.

45. SunnyMac never mailed, emailed, or otherwise delivered the RHIA or Credit Check Authorization Form to Jenipher.

46. Plaintiffs never agreed with SunnyMac that it could provide documents to Plaintiffs in electronic form.

47. The October 2024 HIAA was an apparent attempt by Defendants to cover up and legitimatize the fraudulent RHIA, as Defendants knew that Jenipher did not sign the RHIA.

*Defendants' Unauthorized Access and Use of Plaintiff Jenipher Owuor's Consumer Report*

48. SunnyMac uses the consumer's credit report—*i.e.* consumer report—to consummate fraudulent transactions.

49. On June 12, 2024, SunnyMac, without notice or permission, obtained and used Plaintiff Jenipher Owuor's consumer report from Experian, without any permissible purpose or authorization.

50. On information and belief, SunnyMac obtained and used the consumer report through JK and/or McFadden, who forged Jenipher's credit consent using the incorrect spelling "Jennifer."

51. At all times relevant, SunnyMac, JK and/or McFadden knew that Jenipher did not initiate a credit transaction.

52. At all times relevant, SunnyMac, JK and/or McFadden knew that Jenipher did not initiate a business transaction.

53. At all times relevant, SunnyMac, JK and/or McFadden knew that Jenipher was not involved in a credit transaction.

54. At all times relevant, SunnyMac, JK and/or McFadden knew that Jenipher did not provide authorization, written or otherwise, for use of her consumer report by SunnyMac.

55. But for Defendants using Jenipher's consumer report, the fraudulent transaction would not have been able to proceed.

**COUNT I: FAIR CREDIT REPORTING ACT**
**(Jenipher Owuor v. SunnyMac, JK, and McFadden)**

56. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

57. Defendants SunnyMac, JK, and/or McFadden have violated the Fair Credit Reporting Act by willfully and/or negligently obtaining and/or using Plaintiff Jenipher Owuor's consumer report without a statutorily permissible purpose. 15 U.S.C. §§ 1681b(f), 1681n, 1681o.

58. Defendants SunnyMac, JK, and/or McFadden have violated the Fair Credit Reporting Act by knowingly and willfully obtaining information on Plaintiff Jenipher Owuor from a consumer reporting agency under false pretenses.

59. As it relates to Defendant SunnyMac, its willful and/or negligent conduct also includes, but is not limited to, the following:

   a. Continuing to give sales agents access to electronic tools that allow them to obtain and/or use a consumer's credit report without the consent of the consumer;

   b. Failing to adopt policies, procedures, and practices that would prevent sales agents from obtaining or using a consumer's credit report without the consent of the consumer;

   c. Failing to supervise sales agents to ensure that they would not obtain or use a consumer's credit report without the consent of the consumer;

   d. Failing to train sales agents to ensure that they would not obtain or use a consumer's credit report without the consent of the consumer;

   e. Employing sales goals/metrics that incentivize sales agents to obtain or use credit reports without the consent of the consumer.

60. Defendants' willful and/or negligent action and/or inaction of obtaining and/or using Plaintiff Jenipher Owuor's consumer report proximately caused damage to her, which includes the ostensible contract obligations, the solar panel system, and the costs associated with removal of the solar panels and any repairs.

**WHEREFORE,** Plaintiff Jenipher Owuor demands judgment against Defendants:

(a) Awarding actual and statutory damages;

(b) Awarding punitive damages;

(c) Awarding attorney's fees and costs; and

(d) Awarding such other and further relief as the Court shall deem just and proper.

## COUNT II: UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### (Plaintiffs v. SunnyMac, JK, and McFadden)

61. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

62. Defendants' activities in connection with the sale and installation of the solar panels constitute the conduct of "trade and commerce" as defined in the UTPCPL. 73 P.S. § 201-2.

63. The RHIA constitutes and reflects the purchase of goods and services having a sale price of $25 or more primarily for personal, family or household purposes, as a result of and in connection with a contact—both in-person and by telephone—with a resident of the home, Charles Owuor.

9

64. The UTPCPL requires that a fully completed copy of any contract relating to the sale of goods or services, along with any notice of cancellation, be provided "at the time of the sale or contract with the buyer." 73 P.S. § 201-7(b).

65. Defendant SunnyMac failed to provide Plaintiffs with fully completed contracts and notices that comply with the above-referenced requirements because no paper copies were sent to Plaintiffs at all. To the extent any documents were sent at all, they were sent via email without Plaintiffs' consent and were not in print and did not include an easily detachable form, in duplicate, of the UTPCPL's required notice of cancellation.

66. The RHIA does not fulfill the requirements of the UTPCPL because it does not include two detachable copies of the notice of cancellation required by the UTPCPL.

67. Under the UTPCPL, Defendants SunnyMac and JK had a duty to inform the buyer at the time of signing of their right to cancel. 73 P.S. § 201-7(d).

68. Defendants SunnyMac and JK breached this duty by failing to inform Plaintiffs at the time of signing of their right to cancel.

69. The sales presentation of Defendants SunnyMac, JK, and McFadden, during which McFadden and Ms. Smith falsely assured Charles that the solar panels would be free through a state program, falsely promising only to proceed with a roof survey to allow the free installation to go forward, was deceptive, constituting unfair or deceptive acts or practices under the UTPCPL, 73 P.S. § 201-2(4), which prohibits, among other things:

> a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have. 73 P.S. § 201-2(4)(v).

10

    b.  Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services. 73 P.S. § 201-2(4)(ii).

    c.  Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. § 201-2(4)(xxi).

70. Defendants SunnyMac and JK's actions in forging Plaintiffs' purported signatures and initials on contract documents constitutes unfair or deceptive acts or practices under the CPL, 73 P.S. § 201-2(4), which prohibits, among other things:

    a.  Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. § 201-2(4)(xxi).

71. Plaintiffs relied upon the aforesaid deceptive representations and omissions in deciding to go forward with the roof survey and installation.

72. As a result of the unfair and deceptive acts and practices of Defendants, Plaintiffs have suffered ascertainable losses in the amount of the RHIA, the solar panel system, and the costs of removal of the solar panels and any associated repairs.

73. Pursuant to the UTPCPL, 73 P.S. § 201-9.2, a person who suffers an ascertainable loss of money or property as a result of the use or employment of an unfair or deceptive act or practice prohibited by the Act may bring an action to recover actual damages or $100, whichever is greater, and a Court may, in addition to actual damages, award treble damages, costs and reasonable attorney's fees, and such additional relief as it deems necessary or proper.

**WHEREFORE,** Plaintiffs request that this Court enter judgment in their favor:

    a.  Awarding actual and treble damages;

      b.   Awarding rescission and cancelling the contracts;

      c.   Awarding reasonable attorneys' fees and costs;

      d.   Awarding such other relief as the Court deems necessary and proper.

## COUNT III: HOME IMPROVEMENT CONSUMER PROTECTION ACT
### (Plaintiffs v. SunnyMac and McFadden)

74. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

75. The RHIA is a home improvement contract and subject to the Home Improvement Consumer Protection Act ("HICPA"), 73 P.S. § 517.1 *et seq.*

76. SunnyMac is in the business of providing, offering, undertaking, and agreeing to undertake home improvement contracting services.

77. SunnyMac is a contractor as defined by 73 P.S. § 517.2.

78. McFadden is the owner and operator of SunnyMac.

79. McFadden is a contractor as defined by 73 P.S. § 517.2.

80. The HICPA requires that a completed copy of a home improvement contract be provided to the owner at the time of execution. 73 P.S. § 517.7(c).

81. SunnyMac and McFadden did not provide Plaintiffs a completed copy of the RHIA at the time of execution.

82. Neither Plaintiff agreed to receive documents electronically.

83. Because SunnyMac and McFadden did not secure Plaintiffs' consent to receive documents electronically, any attempt to provide the RHIA to Plaintiffs electronically was legally ineffective.

84. Under the HICPA, no home improvement contract shall be valid or enforceable against an owner unless it is signed by the owner, his agent, or other contracted party. 73 P.S. § 517.7(a)(2)(1).

85. Plaintiffs did not sign the RHIA, nor did Plaintiffs agree to sign documents electronically.

86. A violation of the HICPA is a violation of the UTPCPL. 73 P.S. § 517.10.

87. As a result of SunnyMac and McFadden's violations of the HICPA, Plaintiffs have suffered ascertainable losses in the amount of the RHIA, the solar panel system, and the costs associated with removal of the solar panels and any repairs.

**WHEREFORE,** Plaintiffs request that this Court enter judgment in their favor:

    a.  Awarding actual and treble damages;

    b.  Declaring the RHIA void and unenforceable;

    c.  Awarding reasonable attorneys' fees and costs;

    d.  Awarding such other relief as the Court deems necessary and proper.

## COUNT IV: FRAUDULENT INDUCEMENT AND FRAUDULENT NONDISCLOSURE
### (Plaintiffs v. SunnyMac, JK, and McFadden)

88. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

89. Defendants SunnyMac and JK had a duty to inform the buyer at the time of signing of their right to cancel. 73 P.S. § 201-7(d).

90. Defendants SunnyMac and JK breached this duty by intentionally failing to inform Plaintiffs at the time of signing of their right to cancel.

91. Defendants SunnyMac, JK, and McFadden, through McFadden and Ms. Smith, falsely assured Charles Owuor that the solar panels would be free through a state program, promising only to proceed with a roof survey to allow the free installation to go forward.

92. The above-stated representations were justifiably relied upon and material to Charles' decision to go forward with the roof survey and installation.

93. At all times relevant, Defendants did not disclose the existence of a loan or RHIA associated with the "free" solar panel system.

94. At all times relevant, Defendants SunnyMac, JK, and McFadden knew that the above-stated representations were false, or were reckless as to whether they were true or false.

95. At all times relevant, Defendants SunnyMac, JK, and McFadden intended to mislead Plaintiffs.

96. At all times relevant, Defendants acted intentionally and with intent to defraud Plaintiffs.

97. As a result of Defendants' false representations and intentional nondisclosure, Plaintiffs have been deemed ostensibly obligated to SunnyMac pursuant to a RHIA and other related contract documents they never signed nor received, are burdened by a solar panel system and associated costs of removal and repair, and they have experienced emotional distress, stress, and anxiety.

**WHEREFORE,** Plaintiffs request that this Court enter judgment in their favor:

    a. Awarding actual damages;

    b. Awarding punitive damages;

    c. Declaring the RHIA void and unenforceable; and,

    d. Awarding such other relief that this Court deems necessary and proper.

## COUNT 5: NEGLIGENCE
### (Plaintiffs v. SunnyMac, JK, and McFadden)

98. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

99. Defendants had a duty to provide completed and signed copies of the RHIA to Plaintiffs.

100. Defendants had a duty to exercise reasonable care in completing and acquiring consent to consumer contracts.

101. Defendants had a duty to exercise reasonable care in supervising and overseeing their employees and agents.

102. Defendants breached these duties.

103. As a result of Defendants' aforesaid breach, Defendants have proximately caused, and Plaintiffs suffered, damages including the amount of the RHIA, the solar panel system, and the costs associated with removal of the solar panels and any repairs.

104. Defendants' aforesaid negligent conduct is a proximate cause of Plaintiffs' damages including the ostensible RHIA obligation, the solar panel system, and the costs associated with removal of the solar panels and any repairs.

**WHEREFORE,** Plaintiffs request that this Court enter judgment in their favor:

    a.  Awarding Plaintiffs actual damages;

    b.  Awarding Plaintiffs the costs of this action; and,

    c.  Awarding such other relief that this Court deems necessary and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                                 Respectfully submitted,

Dated: 2/5/2026                        */s/ Jody T. López-Jacobs*
                                                 CARY L. FLITTER
                                                 ANDREW M. MILZ
                                                 JODY THOMAS LOPEZ-JACOBS
                                                 EDWARD M. FLITTER
                                                 FLITTER MILZ, PC
                                                 450 N. Narberth Avenue, Suite 101
                                                 Narberth, PA 19072
                                                 (610) 822-0782
                                                 cflitter@consumerslaw.com
                                                 amilz@consumerslaw.com
                                                 jlopez-jacobs@consumerslaw.com
                                                 eflitter@consumerslaw.com

                                                 Attorneys for Plaintiffs