**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JENIPHER OWUAR and CHARLES OWUOR,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SUNNYMAC, LLC; JK RENEWABLES, LLC; MATTHEW MCFADDEN; and SUNSTRONG CAPITAL HOLDINGS, LLC,**<br><br>**Defendants.** | **Civil Action No. 2:26-cv-00815-JFM** |

**DEFENDANT SUNSTRONG CAPITAL HOLDINGS, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, SunStrong Capital Holdings, LLC (hereinafter, “Answering Defendant” or "SunStrong") by and through its undersigned counsel, Wood Smith Henning & Berman, LLP, hereby submits the following Answer with New Matter and New Matter in the Nature of a Crossclaim to Plaintiffs' Second Amended Complaint and, in support thereof, avers as follows:

1. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at trial.

2-4. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required.

5-8. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

## PARTIES

9-10. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at trial.

11-17. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required.

18. Denied. Answering Defendant's principal place of business is at 20 Greenway Plaza, Suite 540, Houston, TX 77046.

## JURISDICTION AND VENUE

19-24. Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required.

## FACTUAL AVERMENTS

25-35. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and, therefore, denies the same and demand strict proof thereof at trial.

36-37. Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required.

38-44. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and, therefore, denies the same and demand strict proof thereof at trial.

45. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

46-48. Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and, therefore, denies the same and demand strict proof thereof at trial.

49-62. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required. By way of further response, the averments contained in this paragraph state conclusions of law to which no answer is required.

63. Denied. The averments contained in this paragraph states conclusions of law to which no answer is required.

64. Denied. The averments contained in this paragraph states conclusions of law to which no answer is required.

65. Denied. The averments contained in this paragraph states conclusions of law to which no answer is required.

66. Denied. The averments contained in this paragraph states conclusions of law to which no answer is required.

67. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

68. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

**COUNT I: FAIR CREDIT REPORTING ACT**

**(Jenipher Owuor v. SunnyMac, JK, and MacFadden)**

69. Answering Defendant incorporates all preceding paragraphs as though fully set forth at length herein.

70-74. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required. To the extent a response is required, The averments contained in these paragraphs state conclusions of law to which no answer is required.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT II: UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

**(Plaintiffs v. SunnyMac, JK, and MacFadden)**

75. Answering Defendant incorporates all preceding paragraphs as though fully set forth at length herein.

76-93. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required. To the extent a response is required, The averments contained in these paragraphs state conclusions of law to which no answer is required.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT III: HOME IMPROVEMENT CONSUMER PROTECTION ACT**

**(Plaintiffs v. SunnyMac and MacFadden)**

94. Answering Defendant incorporates all preceding paragraphs as though fully set forth at length herein.

95-109. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required. To the extent a response is required, The averments contained in these paragraphs state conclusions of law to which no answer is required.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT IV: FRAUD IN THE EXECUTION AND FRAUDULENT NONDISCLOSURE**

**(Plaintiffs v. SunnyMac, JK, and MacFadden)**

110. Answering Defendant incorporates all preceding paragraphs as though fully set forth at length herein.

111-120. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required. To the extent a response is required, The averments contained in these paragraphs state conclusions of law to which no answer is required.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT V: NEGLIGENCE**

**(Plaintiffs v. SunnyMac, JK, and MacFadden)**

121. Answering Defendant incorporates all preceding paragraphs as though fully set forth at length herein.

122-128. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required. To the extent a response is required, The averments contained in these paragraphs state conclusions of law to which no answer is required.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs with an award of attorney's fees and costs associated with the

defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT VI: IDENTITY THEFT**

**(Plaintiffs v. SunnyMac and JK)**

129. Answering Defendant incorporates all preceding paragraphs as though fully set forth at length herein.

130-133. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required. To the extent a response is required, The averments contained in these paragraphs state conclusions of law to which no answer is required.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT VII: CREDIT SERVICES ACT**

**(Plaintiffs v. SunnyMac, MacFadden, and JK)**

134. Answering Defendant incorporates all preceding paragraphs as though fully set forth at length herein.

135-142. Denied. The averments contained in these paragraphs are not directed to Answering Defendant; accordingly, no response is required. To the extent a response is required, The averments contained in these paragraphs state conclusions of law to which no answer is required.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT VIII: DECLARATORY RELIEF AND HOLDER RULE LIABILITY**

**(Plaintiffs v. SunStrong)**

143. Answering Defendant incorporates all preceding paragraphs as though fully set forth at length herein.

144. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

145. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

146. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

147. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

148. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

149. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

150. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

151. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

152. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim and/or a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because of the application of the doctrines of waiver, estoppel, laches, accord and satisfaction, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the FTC Holder Rule does not create an independent cause of action against SunStrong and merely preserves otherwise viable claims and defenses that may exist against a seller.

**SIXTH AFFIRMATIVE DEFENSE**

Answering Defendant was not a party to the subject consumer credit transaction, did not acquire the loan, is not the holder, owner, creditor, assignee, or servicer of the loan, and therefore cannot be held liable for the claims asserted in the Amended Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

The nature, origin, causation, amount, and extent of damages and losses claimed by Plaintiffs are at issue and Answering Defendant demands proof of same by Plaintiffs as required by law.

**EIGHTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained the damages alleged, which damages are expressly denied, said damage may have been the result of the negligent acts and/or failures to act of persons, entities, and/or parties other than Answering Defendant over whom/which Answering Defendant exercised no control or right of control and for whom/which Answering Defendant is not responsible.

**NINTH AFFIRMATIVE DEFENSE**

SunStrong did not originate, service, own, hold, market, negotiate, sell, install, manufacture, or finance the subject system or loan transaction.

**TENTH AFFIRMATIVE DEFENSE**

While this matter has just recently commenced and little, if any, discovery has yet to be taken, in order to preserve Answering Defendant's defenses to the claims set forth by Plaintiffs, Answering Defendant avers that Plaintiffs were contributorily negligent so as to bar or reduce any recovery.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the incident alleged in Plaintiffs' Second Amended Complaint was caused or contributed solely on or in part by Plaintiffs' negligent and/or careless acts or failures to act.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover under the Holder Rule absent proof of a valid underlying claim against the seller, contractor, or originating entity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any acts or omissions of Answering Defendant was not a substantial cause or factor of the subject incident and/or did not result in the losses alleged by Plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any recovery against SunStrong is limited to amounts paid by Plaintiffs under the subject consumer credit contract.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped from denying the validity of the subject agreements based upon their conduct and acceptance of benefits thereunder.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Declaratory relief is improper because Plaintiffs possess adequate remedies at law and the requested declaration is duplicative of their substantive claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any injuries or damages proven by Plaintiff to exist were not proximately caused by Answering Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiffs were caused by the acts or omissions of parties and/or third parties over whom SunStrong exercised no control.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, were caused solely by and/or contributed to by, the acts or omissions of third parties, and not by any act or omission of Answering Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

At all times materials hereto, Answering Defendant complied with all duties and obligations imposed or implied under applicable codes, ordinances, regulations, statutes and law.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Answering Defendant did not originate, service, own, hold, or administer the subject loan account.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Answering Defendant owed no duty to Plaintiffs arising from the subject transaction.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiffs had no contractual relationship with Answering Defendant and therefore cannot maintain claims predicated upon any alleged contractual duties.

## CROSSCLAIM AGAINST CO-DEFENDANTS SUNNYMAC, LLC, MATTHEW MACFADDEN, AND JK RENEWABLES, LLC

## COUNT I – COMMON LAW INDEMNIFICATION

153. Answering Defendant incorporates its responses to the preceding paragraphs as if the same were fully set forth herein at length

154. Answering Defendant denies that Plaintiffs are entitled to any relief against them.

155. To the extent Answering Defendant is found liable to Plaintiffs, which is specifically denied, such liability would be secondary, passive, and derivative of the acts or omissions of Co-Defendants SunnyMac, LLC, Matthew Macfadden, and JK Renewables, LLC rather than the result of any independent wrongdoing by Answering Defendant.

156. Plaintiffs expressly predicate their claims against Answering Defendant upon its alleged status as the holder of the subject consumer credit contract and that the Holder Rule permits Plaintiffs to assert against Answering Defendant the same claims allegedly arising from the acts or omissions of Co-Defendants SunnyMac, LLC, Matthew Macfadden, and JK Renewables, LLC that Plaintiff could assert against those Co-Defendants.

157. Plaintiffs do not allege that Answering Defendant participated in the underlying sale, representations, or performance of the contracted-for-services upon which Plaintiffs' claims are based and seek damages based on that theory.

158. Co-Defendants SunnyMac, LLC, Matthew Macfadden, and JK Renewables, LLC were the parties allegedly responsible for the conduct and obligations upon which Plaintiffs' claims against Answering Defendant are allegedly predicated and, therefore, bear primary responsibility for any relief awarded to Plaintiffs.

159. Accordingly, if Answering Defendant is held liable to Plaintiffs, Co-Defendants SunnyMac, LLC, Matthew Macfadden, and JK Renewables, LLC are liable to Answering Defendant by way of common law indemnification for the full amount of attorneys' fees, or other recoverable expenses incurred by Answering Defendant.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs and Co-Defendants SunnyMac, LLC, Matthew Macfadden, and JK Renewables, LLC with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT II – CONTRIBUTION, PLEADED IN THE ALTERNATIVE

160. Answering Defendant incorporates its responses to the preceding paragraphs as if the same were fully set forth herein at length.

161. Answering Defendant denies that it engaged in any conduct giving rise to liability to Plaintiffs.

162. In the alternative, if Answering Defendant and any Co-Defendants are found jointly liable to Plaintiffs, then Co-Defendants SunnyMac, LLC, Matthew Macfadden, and JK Renewables, LLC are liable to Answering Defendant for contribution in accordance with their respective shares of responsibility.

163. Accordingly, and only to the extent Answering Defendant is found jointly liable with any Co-Defendant, Answering Defendant is entitled to contribution from such Co-Defendant as permitted by applicable law.

**WHEREFORE**, Defendant SunStrong Capital Holdings, LLC demands judgment in its favor and against Plaintiffs and Co-Defendants SunnyMac, LLC, Matthew Macfadden, and JK Renewables, LLC with an award of attorney's fees and costs associated with the defense of this litigation, and such other and further relief as this Honorable Court may deem just and equitable.

**Wood, Smith, Henning & Berman, LLP**

Dated: August 21, 2026

*/s/ Sarah Connor*

By: ______________________________

Sarah E. Connor, Esquire
Lauren E. Vicencio, Esquire
Attorney ID Nos.: 326802/330252
1760 Market Street, Suite 1001
Philadelphia, PA 19103
(215) 709-2250
sconnor@wshblaw.com
lvicencio@wshblaw.com
*Attorneys for Defendant,*
*SunStrong Capital Holdings, LLC*